# UNITED STATES DISTRICT COURT

District of _____ Idaho _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MICHAEL J. HYMAS | Case Number: 1:09CR00286-001-S-EJL |
| | USM Number: 13417-023 |

**Date of Original Judgment:** 11/01/2010
(Or Date of Last Amended Judgment)

Darren J. Meacham
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to count(s) _Five_
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 1343 | Wire Fraud | 11/2006 | 5 |

The defendant is sentenced as provided in pages 2 _through 7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s) _Counts 1-4 and 6-21_ ☐ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/01/2010
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Edward J. Lodge, United States District Judge
Name and Title of Judge

01/28/2011

AO 245B  (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: MICHAEL J. HYMAS
CASE NUMBER: 1:09CR00286-001-S-EJL

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Twenty One (21) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

X as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

| | | Judgment—Page 3 of 7 |
|---|---|---|
| DEFENDANT: | MICHAEL J. HYMAS | |
| CASE NUMBER: | 1:09CR00286-001-S-EJL | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     Three (3) years.

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance andshall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of fice (5) periodic drug tests a month thereafter for the term of supervision as directed by the probation officer. Cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse or the defendant is subject to deportation. *(Check, if applicable.)*

- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
               Sheet 3C — Supervised Release

| | |
|---|---|
| DEFENDANT: MICHAEL J. HYMAS | Judgment—Page 4 of 7 |
| CASE NUMBER: 1:09CR00286-001-S-EJL | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall comply with the rules and regulations of the Probation Department.

The defendant shall submit to a search of his home, vehicle, and/or person upon demand of the probation officer, or a person duly authorized by the probation officer, without necessity of a warrant and shall submit to seizure of any contraband found therein.

A fine is waived however, Defendant shall perform 80 hours of community service as directed by the probation officer in lieu of a fine.

The defendant shall, upon request of the probation officer, or a person duly authorized by the probation officer, provide any and all financial information requested by the probation officer or the duly authorized person.

The defendant shall not incur any new credit charges nor open additional lines of credit without the approval of the probation officer.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 5 of 7 |
|---|---|---|
| DEFENDANT: | MICHAEL J. HYMAS | |
| CASE NUMBER: | 1:09CR00286-001-S-EJL | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ waived | $ 544,647.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| First Tennessee Bank<br>Attn Corporate Security Mgr.<br>Ref. No. 2009026211<br>Corporate Security Dept-CT5<br>200 Court Avenue<br>Memphis, Tennessee 38103 | 73,312.47 | 73,312.47 | |
| Bank of America<br>Attn: Restitution<br>Loan No. 121171858<br>7105 Corporate Drive<br>Mail Code TX2-981-02-01<br>Plano, TX 75024 | 67,450.25 | 67,450.25 | |
| Wells Fargo Bank<br>Loan No. 1344303<br>9082 Old Annapolis Road<br>Columbia, Maryland 21045<br>(Continued on page 6) | 89,867.06 | 89,867.06 | |
| **TOTALS** | $ 544,647.00 | $ 544,647.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the    ☐ fine    X restitution.

   ☐  the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL J. HYMAS
CASE NUMBER: 1:09CR00286-001-S-EJL

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Taylor, Bean & Whitaker Mortgage | 46,791.47 | 46,791.47 | |
| Citimortgage MSD<br>Loan No. 134038903/30126177<br>4000 Regents Blvd., 3rd Floor<br>MC: N3B-355<br>Irving, TX 75063 | 21,869.59 | 21,869.59 | |
| Citi Global Markets<br>Loan No. 1134038897/221819176<br>200 Crescent Court, Suite 820<br>Dallas, TX 75201 | 9,330.31 | 9,330.31 | |
| CadleRock Joint Venture, L.P.<br>File No. CC790205<br>100 North Center St.<br>Newton Falls, Ohio 44444 | 11,042.56 | 11,042.56 | |
| Saxon Mortgage Services Inc.<br>Acct. No. 2000294351<br>4701 Mercantile Dr. North<br>Fort Worth, TX 76137 | 10,900.00 | 10,900.00 | |
| *FDIC as Receiver for WAMU<br>Restitution Payments<br>Loan Nos.: 5304201642/7700192685<br>PO Box 971774<br>Dallas, TX 75397-1774 | 21,500.00 | 21,500.00 | |
| American Home Mortgage Servicing<br>Attn: Legal Department<br>Loan No. 0031332257<br>1525 S. Beltline Road<br>Coppell, TX 75019 | 192,583.29 | 192,583.29 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

| DEFENDANT: | MICHAEL J. HYMAS | Judgment — Page 7 of 7 |
|---|---|---|
| CASE NUMBER: | 1:09CR00286-001-S-EJL | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

   All monetary penalties due and payable immediately. The defendant shall submit nominal payments of not less that $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. The defendant shall pay any special assessment or financial obligation that is imposed by the judgment and that remains unpaid at the commencement of the term of supervised release to the Clerk of the U.S. District Court, 550 W. Fort Street, MSC 039, Boise, ID 83724. The defendant shall submit nominal and monthly payments of 10% of his/her gross income but not less that $25 per month during the term of supervision. This payment schedule will remain in effect unless further reviewed by the court. A review may take place at any time and will be based upon a change in the defendant's financial circumstances.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.